Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

Wendy B. Mills (*Pro Hac Vice* Admission Pending)
WB Mills, PLLC
14275 Midway Rd., Suite 130
Addison, Texas 75001
Telephone: (214) 969-5995
Email: wbm@wbmillslaw.com
*Attorneys for Plaintiff*
*Viahart, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIAHART, LLC<br><br>*Plaintiff*<br><br>v.<br><br>CREATIVE KIDS ONLINE, LLC,<br>CREATIVE KIDS FAR EAST, INC.,<br>CREATIVE KIDS ENTERPRISES, LLC,<br>CK ONLINE, LLC and PLAYLEARN USA, INC.<br><br>*Defendant* | **CIVIL ACTION NO. 20-cv-9943** |

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiff Viahart, LLC ("Plaintiff" or "Viahart") files this its First Amended

Complaint against Creative Kids Online, LLC ("Creative Kids Online"), Creative

Kids Far East, Inc. ("Far East"), Creative Kids Enterprises, LLC ("CK Enterprises"), CK Online, LLC ("CK Online") (collectively, "CK Defendants") and Playlearn USA, Inc. ("Playlearn") (collectively, "Defendants") and allege as follows:

## PARTIES

1.    Viahart is a Texas Limited Liability Company with its principal place of business in Wills Point, Texas.

2.    Creative Kids Online, LLC is on information and belief, a New York Limited Liability Company and may be served with process by serving its Chief Executive Officer Samuel Lapa at 750 Chestnut Ridge, Suite 301, Chestnut Ridge, New York 10977.

3.    Creative Kids Far East, Inc. is on information and belief, a New York Corporation and may be served with process by serving its Chief Executive Officer Samuel Lapa at 750 Chestnut Ridge, Suite 301, Chestnut Ridge, New York 10977.

4.    Creative Kids Enterprises, LLC is on information and belief, a New York Limited Liability Company and may be served with process by serving its Chief Executive Officer Samuel Lapa at P.O. Box 938, Monsey, New York 10952.

5.    CK Online, LLC is on information and belief, a New York Limited Liability Company and may be served with process by serving its Chief Executive Officer Samuel Lapa at P.O. Box 938, Monsey, New York 10952.

6.    Playlearn USA, Inc. is on information and belief, a New York Corporation with its primary place of business at Garnerville, New York and may

be served via its Chief Executive Officer, Boruch Dunner at 8 Vandenberg Circle, Garnerville, New York 10923.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1114 (Trademark and Counterfeiting), 15 U.S.C. § 1125(a) (Unfair Competition), 17 U.S.C. § 501, *et. seq.* (Copyright Infringement), 28 U.S.C. § 1331 (Federal Subject Matter Jurisdiction), §1338(a)-(b) (Trademark, Trade Dress and Copyright Actions), 28 U.S.C. § 1338(b) (Unfair Competition), and 15 U.S.C. § 1051, *et. seq.*  This Court has Supplemental Jurisdiction over the claims that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), and/or because the Common Law claims of Trademark Infringement, Trade Dress Infringement and Unfair Competition are so related to the Federal claims that they form part of the same controversy and are derived from a common nucleus of operative facts.

8.      This Court may properly exercise personal jurisdiction over Defendants, as each of the Defendants are on information and belief, headquartered in New York, direct business activities toward and conduct business with consumers throughout the United States, including New York residents through their respective websites and/or their respective online marketplace accounts, including without limitation, their Amazon accounts. Further, Defendants operate or have operated interactive Internet Stores through which, New York residents can purchase products bearing counterfeit versions of Viahart's trademark.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants are on information and belief, located in this district. Further, defendants have engaged in infringing acts and are causing harm or have caused harm within this district by advertising, selling, offering to sell and/or are selling infringing products to consumers in New York.

## INTRODUCTION

10.    Viahart files this Action to stem the tide of online counterfeiting of Viahart's valuable trademark, "BRAIN FLAKES," and protect its valuable trade dress and copyrights. Viahart seeks to recover damages for the substantial harm caused by Defendants' respective wrongful actions. Viahart also seeks to protect the unknowing purchasing public from purchasing low quality Counterfeit Viahart products over the internet and the children who play with these low-quality Counterfeit products.

## FACTUAL ALLEGATIONS

### Viahart's Toy Products, Copyrights Trade Dress and Trademarks

11.    Since 2010, Viahart has been engaged in the business of toy manufacturing and retail sales. Viahart has made and continues to make substantial investments of time, effort and expense in designing, developing, testing, publishing, marketing and distributing toy products, including its most famous branded product, "BRAIN FLAKES," used in connection with Viahart's interconnecting plastic discs. In fact, the Wall Street Journal recently featured

Viahart's BRAIN FLAKES product in the following article:



12.     Since Viahart began manufacturing, marketing and selling Viahart's BRAIN FLAKES branded product in February 2014, they have been featured or mentioned by numerous media outlets, including Bloomberg, People magazine, Yahoo, Buzzfeed, Wall Street Journal and Chinese News sites.

13.     Viahart has sold over 250,000 units or jars of BRAIN FLAKES branded products and has over 1500 positive Amazon reviews with 4.8 stars.

14.     BRAIN FLAKES is a high-quality interconnecting plastic disc manipulative construction toy that Viahart designed to help young children develop spatial, mathematic and creative thinking skills that may last a lifetime and may contribute to a larger pool of engineering talent. BRAIN FLAKES branded toys also help children develop their fine motor and spatial skills, while having fun.

15.     Since its inception in 2014, Viahart began using its distinctive trade dress product packaging associated with Viahart's BRAIN FLAKES product, which

includes the following: on the front of the package, the BRAIN FLAKES brand name is prominently featured in green and purple lettering bearing a red rectangle set against a white background with two clusters of three (3) different sized construction pieces depicted thereon along with an image of a tree constructed with the BRAIN FLAKES branded colorful construction pieces as depicted below and as attached in relevant exhibits. (Exhibits 10 and 23). The back of the package bears a ribbon shaped banner with three horizontally displayed circled examples of use of the construction pieces. When Viahart began using its BRAIN FLAKES trade dress in 2014, its cap was blue, similar to Playlearn's blue cap.(Exhibit 21). In 2016, Viahart changed the color of the cap to yellow and continues to use the yellow cap. (Exhibit 23). All other trade dress elements described herein remain the same.



16.     Viahart's BRAIN FLAKES branded product has gained significant

goodwill and a strong reputation for high quality interconnecting plastic disc toy

products in the marketplace. The BRAIN FLAKES branded products are

distinctive, because the relevant purchasing public has come to associate the

BRAIN FLAKES products with Viahart and not other interconnecting plastic disc

toy manufacturers or distributors in the marketplace. (Exhibit 3 and Exhibit 5 and

5A). Confusion with Defendants' interconnecting plastic disc toy has resulted in consumers filing at least one Better Business Bureau complaint and other online complaints and Viahart addressed their respective concerns. (Exhibits 3-6) Specifically, one confused consumer complained on YouTube.com that they were concerned about Viahart's BRAIN FLAKES' product, because "the quality ha[d] *drastically* changed []" and the "[] new ones are inferior quality." Exhibit 3. However, the consumer was confusing CK Defendants' "Young Hands Brain Flakes" 1400-piece set of interconnecting plastic discs with Viahart's interconnecting plastic discs. CK Defendants sell 1400-piece sets but Viahart does not. On information and belief, CK Defendants began using the name, "Young Hands" in 2019. *Id.*

17.    In connection with Viahart's BRAIN FLAKES toy products and advertising or marketing thereof, Viahart owns a copyright for its original text used as its product description for which it has obtained a timely registration with the United States Copyright Office. (See Exhibit 1 for true and correct copy of relevant copyright registration and Exhibit 18 for the registered text). There are numerous ways to describe the product and as such, Viahart's description is protectable copyright.

18.    Viahart has never authorized Defendants to copy, reproduce or use Viahart's copyrighted text, trademark, or trade dress. (See *Id.*)

19.    Viahart advertises, markets and distributes its BRAIN FLAKES toy products under federally registered trademarks with the United States Patent and Trademark Office ("USPTO") for both "VIAHART" and "BRAIN FLAKES." Viahart

developed these brands to distinguish its products from those of its competitors. Viahart has obtained registration certificates for "VIAHART" and "BRAIN FLAKES." (See Exhibit 2 for true and correct copies of the trademark registration certificatesat issue). Registration of these marks is prima facie evidence of each Mark's respective validity and conclusive evidence that Viahart has the exclusive right to use these two Marks in connection with the goods and/or services identified in each registration certificate as well as other commercial goods. The registration of the Marks further provides constructive notice to Defendants that Viahart owns exclusive rights in these Marks. Viahart has used the Marks continuously and has not abandoned either trademark. The registration at issue in this case is "BRAIN FLAKES," which was registered without any disclaimers as to the use of the terms apart from one another and as such, this is additional evidence that the mark is distinctive. Moreover, the public associates Viahart and not Defendants with the BRAIN FLAKES products as evidenced by the attached exhibits. (Exhibits 3-6).

20.    Defendants have engaged in counterfeiting, trademark infringement, unfair competition, trade dress infringement, and copyright infringement that has caused actual confusion in the marketplace and has damaged Viahart and continues to damage Viahart. (*See* Exhibits 3-17).

21.    Viahart has made every effort to stop the illegal use of its trademarks by issuing cease and desist letters and filing lawsuits against numerous Defendants in the past, including the present Defendants who Viahart sued as part of a suit against 14 defendants in Texas. Defendants Playlearn and Far East were dismissed

*without prejudice* for lack of personal jurisdiction (*see Viahart, LLC v. Arkview, LLC, et al;* in the Eastern District of Texas; Case No. 6:19-cv-00406-JCB).

### The Problem of Counterfeit and Knock-Off Toys

22.    There is an ever-present growing problem of counterfeit and knock-off toys that has been created and exacerbated by online merchandisers. Unfortunately, it is not just the brand owners who are damaged by this problem in the marketplace, but unwitting consumers and their innocent children often experience actual physical harm as a result of counterfeiters selling untested, lower quality or unsafe toys to these consumers. See the Toy Association's article concerning this issue in detail at:

> https://www.toyassociation.org/PressRoom2/News/2019-news/new-toy-association-report-exposes-factors-contributing-to-the-rise-in-counterfeit-toys-online.aspx .

23.    The estimated value of global trade in counterfeit toy products as of 2013 was approximately 9.72 billion dollars, which made up 11% of the world's imports. China contributes heavily to the trafficking of these counterfeit goods.  See

> https://euipo.europa.eu/tunnel-web/secure/webdav/guest/document_library/observatory/documents/reports/Mapping_the_Real_Routes_of_Trade_in_Fake_Goods_en.pdf .

### Defendants' Infringing Activities

#### A.  CK Defendants

24.    CK Defendants are a group of New York entities that on information and belief work together to infringe and counterfeit Plaintiff's BRAIN FLAKES trademark in connection with interlocking plastic discs using the BRAIN FLAKES trademark in advertising, marketing,

search or key terms and packaging. (*See* Exhibits 3-14). CK Defendants' infringement and unfair competition has evolved since Viahart first discovered and demanded in 2018 that Far East cease and desist from its infringing activity, such that Far East along with the other CK Defendants now use the confusingly similar brand, "Creative Kids Flakes" and continue to use Viahart's trademark, "BRAIN FLAKES," as a search term or key term that has resulted in Amazon.com awarding CK Defendants with the Amazon Choice designation. (Exhibit 4) CK Defendants also included in its packaging label an image of a tree similar to Viahart's tree constructed with BRAIN FLAKES. (Exhibits 8 and 13). Nothing else on CK Defendants' product packaging has substantially changed, including the notable image of a brain, which is clearly intended to relate to BRAIN FLAKES. (*See* Exhibits 8, 9 and 14). In some instances, CK Defendants used the BRAIN FLAKES trademark on the product packaging, while using "Creative Kids Flakes" in the advertising text. (*See* Exhibit 8). This ongoing infringement, counterfeiting and unfair competition has caused actual confusion and is likely to cause confusion in the marketplace among the relevant purchasing public and has damaged Plaintiff's goodwill and reputation associated with Viahart's BRAIN FLAKES brand. (*See* Exhibits 3-6).  Further, CK Defendants wrongful infringing activities confused the media in a recent article about Viahart's BRAIN FLAKES, the article mentions that Viahart sells "1400" piece sets but Viahart does not sell 1400-piece sets, CK Defendants sell 1400-piece sets. (Exhibit 4). Upon discovery of this error, Viahart promptly contacted the reporter to correct this error and the article was corrected.

25.    CK Defendants willfully and knowingly sell, market and distribute the infringing counterfeit interlocking plastic disc products using the BRAIN FLAKES trademark and now, "Creative Kids Flakes" brand on Amazon, EBay and the CK Defendants' website at https://creativekids.com/collections/all. (See Exhibits 7-9; and 11-13). CK Defendants sell, market and distribute the infringing counterfeit products without obtaining a license or other permission from Plaintiff. CK Defendants have refused to cease and desist from their unfair competition, infringing, counterfeiting activity, which has damaged Plaintiff and continues to damage Plaintiff.

**B. Playlearn**

26.    Defendant Playlearn infringed and counterfeited Plaintiff Viahart's trademark BRAIN FLAKES, trade dress and its copyrighted text. (*See* Exhibits 15-19). Playlearn infringed Viahart's copyright in its product description by copying and using it as its own product description on Amazon. (*See* Exhibit 18 for Viahart's copyrighted product description text; and Exhibit 19 for Playlearn's infringing product description for side-by-side comparison). Playlearn merely removed "Viahart" and added "Snowflakes," and modified the number of discs, otherwise, the product description was identical to Viahart's copyrighted product description and is substantially similar to Viahart's copyrighted product description. (*Id.*) Moreover, Playlearn's copying of Viahart's product description amounts to unfair competition.

27.    PlayLearn infringed upon the BRAIN FLAKES trademark by using "Snowflakes" on its infringing products, as a search term or key term and by

infringing Viahart's copyrighted product description, which included the phrase,

"[g]et a Brain Flakes set today" on Amazon. (*See* Exhibits 15-20; and

https://www.amazon.com/Snowflake-Interlocking-Connector-

PiecesColors/dp/B077FDG3F8/ref=sr_1_18?keywords=brain+flakes&qid=156460839

2&s=gateway&sr=8-18). Playlearn subsequently changed its product description.

(Exhibit 24). Playlearn also willfully and knowingly sold, marketed and distributed

the infringing counterfeit products using Viahart's distinctive packaging trade

dress. (*See* Exhibit 17 and 22). On information and belief, Playlearn has *paused* its

infringing activity on Amazon, because Playlearn's Amazon advertising currently

indicates that it is not currently available. (*See* Exhibit 20). However, Amazon does

not show that the product is discontinued and as such, Playlearn may resume sales

of the infringing products anytime, see https://www.amazon.com/Snowflake-

Interlocking-Connector-Pieces-

Colors/dp/B077FDG3F8/ref=cm_cr_arp_d_product_top?ie=UTF8. (Exhibit 24).

These infringing activities are likely to cause confusion as to the source or origin of

the product among the relevant purchasing public. PlayLearn sold, marketed and

distributed the infringing products using the BRAIN FLAKES trademark, trade

dress and copyrighted text without obtaining a license or other permission from

Plaintiff. Playlearn also included in its Amazon advertising and packaging, an

image of a tree constructed with colorful construction pieces that is confusingly

similar to the tree image used by Viahart in its advertising.  (*See* Exhibits 15 – 20

and 22). PlayLearn's unfair competition, counterfeiting and infringing activities

have substantially damaged Plaintiff and continue to substantially damage Plaintiff.

28.     As it relates to Playlearn's Common Law Unfair Competition, Playlearn's combined wrongful use of Viahart's copyrighted product description, trademark infringement, trade dress packaging infringement, including the use of an image of a tree constructed with colorful plastic disc construction pieces that is confusingly similar to Viahart's tree constructed with its BRAIN FLAKES branded plastic discs evidences a bad faith intent to capitalize on Plaintiff's reputation and goodwill.

## **CLAIMS FOR RELIEF**

### **Count I. Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114 (Against All Defendants)**

29.     Plaintiff repeats the allegations above as if fully set forth herein.

30.     Plaintiff's trademarks are registered on the principal register of the USPTO, are inherently distinctive or have acquired distinctiveness as a result of continuous promotion of Plaintiff's BRAIN FLAKES product.

31.     Each of the above-named Defendants have used counterfeit imitations of Plaintiff's registered BRAIN FLAKES Trademark or a name that is confusingly similar thereto in connection with the sale, offering for sale, distribution and/or advertising and marketing of infringing goods. The BRAIN FLAKES trademark is highly distinctive, and consumers expect high quality goods from Plaintiff's BRAIN FLAKES products sold or marketed using the BRAIN FLAKES Trademark.

32. All Defendants have sold, offered to sell, marketed, advertised and distributed counterfeit reproductions of products bearing the BRAIN FLAKES trademark or a confusingly similar name, such that it is likely to cause confusion, mistake or deceive the relevant consuming public as to the origin and quality of the infringing counterfeit goods.

33. Plaintiff Viahart is the exclusive owner of the BRAIN FLAKES trademark. The BRAIN FLAKES trademark registration is valid and in full force and effect. Defendants have knowledge of Plaintiff's rights in the BRAIN FLAKES trademark and are willfully infringing and intentionally using counterfeit goods bearing the BRAIN FLAKES trademark. Defendants' willful, intentional and unauthorized use of the BRAIN FLAKES trademark is likely to cause and is causing confusion, mistake and deception as to the origin and quality of the infringing counterfeit goods among the relevant purchasing public.

34. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Defendants' unlawful actions have individually and jointly (directly and proximately) caused and continues to cause, substantial damage to Plaintiff and are unjustly enriching Defendants with profits at Plaintiff's expense.

36. Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendants the following: (i) Defendants' profits; (ii) the damages sustained by Plaintiff, and (iii) costs of this action. Further, this is an

exceptional case and as such, Plaintiff seeks to recover its reasonable attorney's fees.

37.   Also, in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), because of Defendants' wrongful intentional and knowing counterfeiting activities, Plaintiff is entitled to recover and hereby seeks treble damages and its reasonable attorney's fees. Alternatively, Plaintiff is entitled to recover statutory damages as set forth under 15 U.S.C § 1117(c).

38.   Under 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief compelling the impounding of all infringing materials. Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above-described wrongful activities if Defendants are not permanently enjoined. Moreover, Defendants will continue to wrongfully profit from their illegal activities.

## Count II. Unfair Competition Under 15 U.S.C. § 1125(a)
### (Against All Defendants)

39. Plaintiff repeats the allegations above as if fully set forth herein.

40.   Plaintiff's trademarks are registered on the principal register of the USPTO, are inherently distinctive or have acquired distinctiveness as a result of continuous promotion of Plaintiff's BRAIN FLAKES product for nearly seven (7) years. Further, when issuing the registration certificate for BRAIN FLAKES, the USPTO did not require any disclaimers as to any part of the trademark, which further indicates that the mark is inherently distinctive.

41.   Defendants' advertisements, promotions, offers to sell, sales and/or distribution of the infringing counterfeit products, in direct competition with

Plaintiff, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to Plaintiff through Defendants' use of Plaintiff's trade dress and trademarks, as such use is likely to cause consumer confusion and has actually caused confusion as to the origin and/or sponsorship/affiliation of Defendants' infringing counterfeit products by creating a false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with Viahart and its branded product, BRAIN FLAKES.

42.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff is entitled to injunctive relief and an order compelling the impounding of all infringing materials. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful conduct.

43.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is entitled to recover from Defendants the following: (i) Defendants' profits; (ii) the damages sustained by Plaintiff, and (iii) costs of this action. Further, this is an exceptional case and as such, Plaintiff seeks to recover its reasonable attorney's fees.

## Count IV: Trade Dress Infringement Under 15 U.S.C. § 1125(a)

### (Against Defendant Playlearn)

44.    Plaintiff repeats the allegations above as if fully set forth herein.

45.    Playlearn's advertisements, promotions, offers to sell, sales and/or distribution of the infringing counterfeit products, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing Plaintiff's trade dress. Playlearn's unauthorized use of Plaintiff's distinctive trade dress and/or colorable imitations thereof is likely to cause confusion, mistake or deceive the relevant consuming public as to the affiliation, connection and/or association of Playlearn and Plaintiff and as to the origin, sponsorship and/or approval of Defendants' infringing products.

46.    Plaintiff's trade dress is entitled to protection under the Lanham Act. Plaintiff's trade dress includes unique, distinctive and non-functional packaging designs. Plaintiff's trade dress has acquired distinctiveness through extensive and continuous promotion and use of Plaintiff's trade dress in the United States and internationally. As a result of this extensive and continuous use, Plaintiff's trade dress has become an indicator of the origin and quality of Plaintiff's manipulative construction toy packaged in a plastic tub bearing distinctive green and purple lettering. Plaintiff's trade dress became distinctive as a result of acquiring secondary meaning in the marketplace. The BRAIN FLAKES trade dress acquired this secondary meaning or distinctiveness before Playlearn began its infringing activities.

47.    Playlearn's actions must be enjoined, as Plaintiff has no adequate remedy at law. If Playlearn is not enjoined, Plaintiff will continue to suffer irreparable injury to its reputation and the goodwill associated with Plaintiff's

BRAIN FLAKES trade dress with VIAHART's BRAIN FLAKES manipulative construction toy products.

48.     On information and belief, Playlearn's unauthorized use of Plaintiff's trade dress and colorable imitations thereof have been intentional and willful. Playlearn's bad faith is evidenced at least by the similarity of its infringing products to Plaintiff's trade dress and by Playlearn's continuing disregard for Plaintiff's rights.

49.     Plaintiff is entitled to recover all available relief provided for in 15 U.S.C. §§ 1125(a), 1116 and 1117 including permanent injunctive relief, Playlearn's profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees.

## Count VI: Trade Dress Infringement under Common Law
## (Against Defendant Playlearn)

50.     Plaintiff repeats the allegations above as if fully set forth herein.

51.     Defendant Playlearn's advertisements, promotions, offers to sell, sales and/or distribution of the infringing counterfeit products, in direct competition with Plaintiff constitutes common law trade dress infringement, because Playlearn's unauthorized use of Plaintiff's distinctive trade dress and/or colorable imitations thereof is likely to cause confusion, mistake or deceive the relevant consuming public as to the affiliation, connection and/or association of Defendants and Plaintiff and as to the origin, sponsorship and/or approval of Playlearn's infringing products.

52.    Plaintiff's trade dress is entitled to protection under the common law. Plaintiff's trade dress includes unique, distinctive and non-functional packaging design. Plaintiff has continuously promoted and used its trade dress internationally, in the United States, including New York. As a result of this extensive and continuous use, Plaintiff's trade dress has become an indicator of the origin and quality of Plaintiff's manipulative construction toy packaged in a plastic tub bearing distinctive green and purple lettering. Plaintiff's trade dress became distinctive as a result of acquiring secondary meaning in the marketplace. The BRAIN FLAKES products' trade dress acquired this secondary meaning or distinctiveness before Defendants began their infringing activities.

53.    On information and belief, Playlearn's unauthorized use of Plaintiff's trade dress and colorable imitations thereof have been intentional and willful. Playlearn's bad faith is evidenced at least by the similarity of its infringing products to Plaintiff's trade dress and by Playlearn's continuing disregard for Plaintiff's rights.

54.    Plaintiff is entitled to recover all available relief under common law, including permanent injunctive relief, Playlearn's profits, actual damages, punitive damages and damages, costs and reasonable attorney's fees.

### Count VII: Copyright Infringement Under 17 U.S.C. § 501, *et. seq.* (Against Defendant Playlearn)

55.    Plaintiff repeats the allegations above as if fully set forth herein.

56.    Plaintiff is the sole owner of its marketing text, photographs and imagery and the corresponding copyrights and Certificates of Registration referenced herein.

57.    Playlearn infringed Plaintiff's copyrights by reproducing, distributing and displaying publicly without approval or authorization, Plaintiff's copyrighted text, photographs or images in connection with the Copyright Playlearn's marketing and/or advertising of the infringing counterfeit BRAIN FLAKES manipulative construction toy products.

58.    Copyright Defendants at least acted with willful blindness to, or in reckless disregard of, Plaintiff's registered copyrights.

59.    As a result of Playlearn's wrongful conduct, Plaintiff is entitled to recover its actual damages and Playlearn's profits attributable to the infringement.

60.    Plaintiff is entitled to recover all available relief under 17 U.S.C. § 504, including permanent injunctive relief, Playlearn's profits, actual damages, and all other such relief as the Court that is properly within the Court's discretionary powers that it deems just. Additonally, or in the alternative, these wrongful acts constitute in whole or in part, Unfair Competition as addressed herein.

## Count VIII: Common Law Unfair Competition

### (Against All Defendants)

61.    Plaintiff repeats the allegations above as if fully set forth herein.

62.    This lawsuit is based on Defendants' advertisements, promotions, offers to sell, sales and/or distribution of the infringing counterfeit products bearing

identical or virtually identical brands, as Viahart's trademark BRAIN FLAKES and in one case, VIAHART, in direct competition with Plaintiff. Further, this lawsuit is based on Defendants' use of Plaintiff's distinctive Trade Dress as well as copyright infringement.

63.    Defendant Playlearn's combined wrongful use of Viahart's copyrighted product description, trademark infringement, trade dress packaging infringement, including the use of an image of a tree constructed with colorful plastic disc construction pieces that is confusingly similar to Viahart's tree constructed with its BRAIN FLAKES branded plastic discs evidences a bad faith intent to capitalize on Plaintiff's reputation and goodwill.

64.    CK Defendants' wrongful use of Plaintiff's  trademark, BRAIN FLAKES, including the use of the brain image and constructed tree image that has caused actual confusion and resulted in Amazon.com awarding CK Defendants with the Amazon's Choice designation is evidence of CK Defendants' bad faith intent to capitalize on Plaintiff's reputation and goodwill.

65.    Defendants' infringing activities are likely to cause and actually have caused or are continuing to cause confusion, mistake and deception among the relevant purchasing public as to at least the origin and quality of Defendants' products by their use of Plaintiff's trademarks, whether the use is identical or virtually identical.

66.    Plaintiff has no adequate remedy at law and is suffering damages as a result of Defendants' wrongful actions.

67.     Plaintiff is entitled to recover all available relief at law and in equity under New York Common Law as the Court deems just.

## Count IX: Common Law Trademark Infringement

### (Against All Defendants)

68. Plaintiff repeats the allegations above as if fully set forth herein.

69.     This lawsuit is based on Defendants' advertisements, promotions, offers to sell, sales and/or distribution of the infringing counterfeit products bearing identical or virtually identical brands, as Viahart's trademark BRAIN FLAKES and in one case, VIAHART, in direct competition with Plaintiff.

70.     Defendants' infringing activities are likely to cause and actually have caused or are continuing to cause confusion, mistake and deception among the relevant purchasing public as to at least the origin and quality of Defendants' products by their use of Plaintiff's trademarks, whether the use is identical or virtually identical.

71.     Plaintiff has no adequate remedy at law and is suffering damages as a result of Defendants' wrongful actions.

72.     Plaintiff is entitled to recover all available relief at law and in equity under New York Common Law as the Court deems just.

## VIII. Demand for Jury Trial

73.     Plaintiff hereby demands a jury trial on all issues so triable.

## Request for Relief

For the above-stated reasons, Plaintiff Viahart, LLC respectfully requests that the Court:

1.  Enter Judgment that (i) all Defendants infringed Viahart's Trademark, "BRAIN FLAKES" in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) that all Defendants' activities constitute or constituted willful trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (iii) that all Defendants' activities constitute or constituted unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) that all Defendants infringed Plaintiff's trade dress in violation of 15 U.S.C. § 1125(a); (v) that all Defendants engaged in unfair competition in violation of New York common law, and violated Plaintiff's common law rights in Plaintiff's trade dress and trademark BRAIN FLAKES; and (vii) that PlayLearn infringed Plaintiff's copyright in violation of 17 U.S.C. § 501.

2.  In accordance with 15 U.S..C § 1116, issue a permanent injunction against further infringement of Plaintiff's trademark, BRAIN FLAKES, further infringement of Plaintiff's copyrights, further acts of unfair competition by Defendants and each of their respective agents, employees, servants, attorneys, successors and assigns and all others in privity or acting in

concert therewith, including without limitation, selling, offering to sell, distributing, importing, advertising Defendants' infringing products, or any other products that use a copy, reproduction or colorable imitation of Plaintiff's trade dress;

3. An Order directing Defendants, their officers, agents, servants, attorneys and all those in active concert or participation therewith to provide an accounting of all sales, revenues, and profits related to Defendants' goods and services that infringe Plaintiff's trademarks, trade dress and copyright;

4. An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing or counterfeit products;

5. An Order directing that Amazon, Ebay, Wal-Mart and all other on-line marketplaces that advertise, market or display Defendants' infringing or counterfeit products for sale to take down or remove all such advertising, marketing or displays from their respective websites. Further, issue an Order directing all Defendants to take down or remove all other infringing or counterfeit product marketing or advertising from Defendants' respective websites, including all text, photographs and images that violate Plaintiff's copyrights;

6. An Order directing the destruction of (i) all infringing products, including all recalled products, (ii) any other products that use a copy, reproduction, confusingly similar design, or colorable imitation of Plaintiff's trade dress and trademarks in Defendants' possession, custody or control, (iii) all advertising materials related to the infringing products in Defendants' possession, custody or control, including on the internet pursuant to at least 15 U.S.C. § 1118;

7. An Order directing Defendants to issue a public notice (with Plaintiff's prior approval thereof) providing proper attribution of Plaintiff's trademarks, trade dress and copyrights to Plaintiff and to provide a copy thereof to all of Defendants' customers, distributors and/or others from the infringing products are recalled;

8. An Order barring the importation of the infringing products and/or colorable imitations thereof in the United States and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to 15 U.S.C. § 1125(b);

9. An Order awarding Plaintiff with actual, treble, enhanced and exemplary damages, or alternatively, award Plaintiff with

statutory damages pursuant to 15 U.S.C. § 1117, 15 U.S.C. §§
1125(a);

10. An Order awarding Plaintiff with actual damages pursuant to 17
U.S.C. § 504(b) and all other relief that the Court, in its
discretion, deems proper; and

11. An Order awarding reasonable attorney's fees and costs in favor
of Plaintiff and against Defendants under Section 35 of the
Lanham Act, 15 U.S.C. § 1117(b) finding this is an exceptional
case; alternatively, award Plaintiff its reasonable attorney's fees
and costs under Section 35 of the Lanham Act, 15 U.S.C. §
1117(b).

Dated: March 22, 2021

Respectfully submitted,

 /s/ Wendy B. Mills
Wendy B. Mills (*Pro Hac Vice*)
WB MILLS, PLLC
14275 Midway Rd., Suite 130
Addison, TX 75001
Tel.:      (214) 969-5995
Fax:      (214) 396-6623
E-mail:   wbm@wbmillslaw.com

Jason M. Drangel (JD 7204)
Ashly E. Sands (AS 7715)
Brieanne Scully (BS 3711)
EPSTEIN DRANGEL LLP
60 East 42ndStreet, Suite 2520
New York, NY 10165
Tel.:      (212) 292-5390
Fax:      (212) 292-5391

E-mail:   jdrangel@ipcounselors.com
                bscully@ipcounselors.com
                asands@ipcounselors.com

*Attorneys for Plaintiff Viahart, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served on Defendant by and through its attorneys of record via the Court's ECF system on March 22, 2021.

<u>*/s/ Wendy B. Mills*</u>
Wendy B. Mills

---

**FIRST AMENDED COMPLAINT**