UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIAHART, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CREATIVE KIDS ONLINE, LLC; CREATIVE KIDS FAR EAST, INC.; CREATIVE KIDS ENTERPRISES, LLC; and CK ONLINE, LLC,<br><br>Defendants. | Case No. 1:20-cv-09943-GHW |

**PLAINTIFF VIAHART, LLC'S NOTICE OF TERMINATION OF STAY**
**AND REQUEST FOR TELEPHONIC STATUS CONFERENCE**

**TO THE COURT AND ALL PARTIES OF RECORD:**

Following nearly five years of prolonged and costly litigation, extensive pretrial preparations, multiple cross motions in *limine*, two lengthy pretrial conferences, and sanctions being ordered *sua sponte* against Defendants Creative Kids Online, LLC, Creative Kids Far East, Inc., Creative Kids Enterprises, LLC, and CK Online, LLC (collectively, "Defendants") for discovery abuses, the parties and the District Court were ready for trial on July 8, 2024. But three business days before the trial, on July 2, 2024, Defendant CK Online, LLC ("CK Online") filed for Chapter 7 Bankruptcy in the U.S. Bankruptcy Court for the Southern District Court of New York, captioned *In re: CK Online*, LLC, Case No. 24-22589 ("Bankruptcy Proceeding"), listing Plaintiff Viahart, LLC ("Viahart") as the sole creditor.

On July 2, 2024 at 11:38 p.m., Defendants' counsel filed a suggestion of bankruptcy notifying the Court that CK Online filed for Chapter 7 bankruptcy and argued the Court should stay this action in its entirety. Dkt. 275. On July 3, 2024, the District Court entered an order staying the District Court Action in its entirety ". . . until such a time as the U.S. Bankruptcy Court for the Southern District of New York lifts the stay as to CK Online or the [Co-]Defendants, or, with respect to the [Co-]Defendants, as the Court otherwise orders." Dkt. 277. On August 19, 2024, Viahart, by and through its counsel of record in the Bankruptcy Proceeding, filed an Application for Order Authorizing Relief From Stay and Motion for Sanctions ("Application," BK Dkt. 10). On August 30, 2024, Viahart, by and through its counsel of record in the Bankruptcy Proceeding, served notice of Viahart's intent to file a motion for sanctions pursuant to Bankruptcy Rule 9011 if CK Online fails to dismiss its bad faith bankruptcy petition within 21-days. On September 25, 2024, the Bankruptcy Court held a hearing on Viahart's Application, and granted Viahart's motion for relief from stay and for sanctions. Although Viahart promptly submitted its proposed order lifting the stay, as directed by Judge Lane, the order was not signed until December 6, 2024, resulting in the delay in filing this notice. Attached hereto as **Exhibit A** is a true and correct copy of the order from the Bankruptcy Court lifting the automatic stay, signed by Judge Sean H. Lane on December 6, 2024. Importantly, this order finds that the stay is lifted "so as to permit [Viahart] to take all actions necessary to continue and complete to judgment" this civil action against Defendants, and that no stay ever existed as to the non-debtor defendants in this action. Ex. A.

It has been Defendants' goal since the inception of this action to delay and run up excessive costs for Viahart. Defendants have been successful in those efforts to Viahart's severe detriment. Not only did CK Online's Bankruptcy Proceeding prevent Viahart from proceeding with trial on July 8, 2024 as scheduled to try and recover from Defendants' infringements of its trademark, but

Defendants' securing of a tactical delay through the Bankruptcy Proceeding presents a considerable and immediate ongoing harm to Viahart's business and goodwill. Specifically, Viahart's sales of its proprietary Brain Flakes-branded products, which Defendants have infringed, have declined significantly, and the delay of the July 8, 2024 trial, and the bad faith Bankruptcy Proceeding, is causing further major financial strain on Viahart. *See* **Exhibit B** (August 28, 2024 Declaration of Molson Hart ("Hart Decl.") ¶ 7).

Viahart is a small business with less than a dozen employees that cannot enforce its trademark against Defendants and other companies that are similarly infringing on Viahart's valid and enforceable trademark until this matter is resolved at trial, and the delay allows Viahart's competitors, like Defendants, to chip away at its brand, its sales, and the goodwill Viahart has worked tirelessly to build among its consumers. *Id.* ¶ 8. Viahart experienced a significant increase in sales when Amazon initially removed Defendants' infringing products in September 2021. *Id.* ¶ 10. However, Defendants' infringement has led to other companies infringing on Viahart's mark, and the delay has prevented Viahart from being able to enforce its valid and enforceable mark against these other companies—particularly with Amazon suspending further enforcement of its policies pending the outcome of this matter. *Id.*

As a result, Viahart is suffering escalating losses. *Id.* For instance, by July 2024, Viahart's sales on Amazon had declined by 23% from 2023, which resulted in a 20% decline in overall sales across the entire company, since Viahart's sales on Amazon account for over 80% of its business. *Id*. Indeed, Viahart continues to get messages of actual confusion from consumers on Amazon, including as recently as August 20, 2024, which continues to further diminish Viahart's brand. *Id.* ¶ 10. Defendants have strategically benefited from filing the Bankruptcy Proceeding, further damaging Viahart—who has now had to face additional financial burdens to protect and enforce

its rights. *Id*. These additional financial burdens not only include costs and fees associated with the Bankruptcy Proceeding and losses due to the decline in sales, but the hundreds of thousands of dollars in fees and costs that Viahart paid preparing for trial on July 8, 2024. *Id*.

For these reasons, and in light of the termination of the stay, Viahart respectfully requests this Court schedule a telephonic status conference at the Court's earliest convenience to discuss a swift rescheduling of trial and for a resolution as to the other matters that were pending before the stay was imposed, including Viahart's pending motion for attorney's fees against Defendants. Dk. 269. Viahart hereby respectfully reserves the right to raise additional issues with the Court at the status conference, once scheduled, including additional sanctions against Defendants for their clear bad faith and abuse of the judicial process.

Dated: December 6, 2024

**SCALE LLP**

By: */s/ Charles A. Wallace*

Jamie D. Wells (admitted pro hac vice)
California Bar No. 290827
Charles A. Wallace (admitted pro hac vice)
Texas Bar No. 24110501
James Creedon (admitted pro hac vice)
Texas Bar No. 24092299
548 Market Street, Suite 86147
San Francisco, CA 94104
Tel. (415) 735-5933
Fax. (415) 573-0983
jamie.wells@scalefirm.com
cwallace@scalefirm.com
jcreedon@scalefirm.com

COUNSEL FOR PLAINTIFF
VIAHART LLC

**CERTIFICATE OF SERVICE**

I certify that, on December 6, 2024, the foregoing document has been filed with the Clerk via the Court's CM/ECF system and served on all counsel of record who are deemed to have consented to electronic service via the Court's NEF system or the registered users' email accounts per Rule 5(b) and LR 5.2.

By: *<u>/s/ Charles A. Wallace</u>*
Charles A. Wallace