```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
VIAHART, LLC,                                                  :
                                                               :
                                    Plaintiff,                 :    1:20-cv-9943-GHW
                                                               :
                       -v-                                     :    MEMORANDUM
                                                               :    OPINION & ORDER
CREATIVE KIDS ONLINE, LLC, *et al.*,                           :
                                                               :
                                    Defendants.                :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. Background

Viahart, LLC ("Plaintiff") is a designer and manufacturer of children's toys. One of its products is sold under the name "Brain Flakes," which Plaintiff has trademarked. The defendants, Creative Kids Online, LLC, Creative Kids Far East, Inc., Creative Kids Enterprises, LLC, and CK Online, LLC (collectively, the "Defendants") are Plaintiff's competitors. In this suit, Plaintiff asserts, among other things, that Defendants have violated its trademark by selling a similar toy using the "Brain Flakes" trademark or confusingly similar marks. Dkt. No. 112.

The parties engaged in an extended period of discovery. During the course of discovery, Plaintiff complained that Defendants had failed to provide complete answers to a number of discovery requests. On July 14, 2022, Plaintiff sought to compel a more complete response from Defendants to Plaintiff's discovery requests. Dkt. No 113. The Court held a conference to discuss the motion on July 18, 2022. During that conference, the Court overruled Defendants' objections to Plaintiff's discovery requests and ordered that Defendants produce a number of categories of documents. Dkt. No. 117. Fact discovery in the case closed on September 15, 2022; expert discovery closed on December 1, 2022. Dkt. No. 125.

The Court ruled on the parties' summary judgment motions on November 14, 2023 and scheduled trial to begin on July 8, 2024. Dkt. Nos. 202, 203. The scheduling order required that parties file motions *in limine* on April 19, 2024. Dkt. No. 203.

Amongst the motions *in limine* filed by Plaintiff was a motion for sanctions pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure as a result of Defendants' failure to comply with the Court's July 18, 2022 order compelling the production of discovery materials. Dkt. No. 213. After reviewing the parties' written submissions, the Court granted Plaintiff's motion and sanctioned Defendants. Dkt. No. 278 ("Tr."). One of the sanctions that the Court imposed was an order that Defendants pay certain of Plaintiff's reasonable expenses. The Court explained:

> Finally, Plaintiff requests that Defendants be made to pay Plaintiff's reasonable expenses, including attorney's fees. This request is granted. "The mildest sanction under Rule 37(b) is an order to reimburse the opposing party for expenses caused by the failure to cooperate. Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2019 WL 4727537, at *28 (S.D.N.Y. Sept. 26, 2019) (quotations and citations omitted), aff'd, No. 2020 WL 1479018 (S.D.N.Y. Mar. 26, 2020). In essence, the award of reasonable fees and expenses is a lesser sanction the Court may impose under Rule 37(b). And, as a reminder, Rule 37(b)(2)(C) explicitly requires that the Court order "reasonable expenses, including attorney's fees," incurred by the moving party "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Defendants have failed to show that their failure was substantially justified or that any other circumstances would make an award of expenses unjust.
>
> For all the reasons just described, including Defendants' unexplained failure to make the required productions for nearly two years, *Plaintiff is entitled to reasonable attorney's fees and costs attributable to the briefing of the sixth motion in limine, as well as their efforts to compel the production of these materials*.
>
> Plaintiff is therefore directed to submit an application for fees and costs of the type just described to the Court no later than June 24, 2024. Any opposition to that application is going to be due no later than Friday, June 28, 2024, and any reply is due Monday, July 1, 2024. Just a note on that, counsel. *Remember that any application for the payment of legal fees needs to be accompanied by appropriate contemporary[aneous] time records, and that you must prove up the reasonableness of any of the fees that are claimed, supported by appropriate affidavits.*

Tr. at 51:6-52-16 (emphasis added).

2

Plaintiff filed its motion for attorney's fees on June 24, 2024, as directed by the Court. Dkt. No. 269 (motion). Plaintiff's counsel, James H. Creedon, filed a declaration in support of the motion. Dkt. No. 269-1 ("Creedon Decl."). In his declaration, Mr. Creedon provided a brief statement regarding his years of practice as a litigator, but he provided no information regarding the professional qualifications of any other person who billed time to the case. *Id.* ¶¶ 2, 3. Mr. Creedon asserted that in his opinion "the hourly rates and time entries in the attached invoices are reasonable." *Id.* ¶ 7. However, the declaration did not aver that the rates shown were the rates that were billed to, and paid by Plaintiff's client.

The declaration attached "true and correct" copies of the invoices for the case. *Id.* ¶ 8. Mr. Creedon highlighted portions of the invoices "to identify the attorney fees attributable to Defendants' sanctionable conduct." *Id.* ¶ 5. Mr. Creedon stated that in doing so, he "considered the nature of the work, the portion [of] each . . . time entry related to the misconduct, the degree to which that time would have otherwise been necessary, and the role of those entries in the larger course of this case." *Id.* First, Mr. Creedon identified $63,866.50 in fees of "time entries directly attributable to discovery matters." *Id.* ¶ 6(a). The declaration asserted that the time "includes" (so presumably was not limited to) "efforts to secure the discovery materials related to the sixth motion in limine, including phone calls and emails with opposing counsel, letter and motion drafting, filings to this Court, and appearances in proceedings." *Id.*

Second, Mr. Creedon identified $13,500 in fees "related to Plaintiff's Motion for Summary Judgment." *Id.* ¶ 6(b). Mr. Creedon asserted that, in ruling on the summary judgment motion, the Court had held that there was a disputed issue of fact regarding which of the Defendants was responsible for the infringing sales—a topic that would have been informed by the missing discovery materials. As a result, Mr. Creedon asserted that 25% of all of the time spent on the

3

motion for summary judgment was "reasonably tied to the subject matter of the sixth motion in limine." *Id.*

Defendants filed their opposition to the motion for attorney's fees on June 28, 2024. Dkt. No. 273 ("Opp."). Defendants took issue with several aspects of the motion. First, Defendants asserted that Plaintiff had not provided the Court sufficient information to determine the reasonableness of counsel's fees. They pointed out that the determination turned, among other things, on the "credentials or experience of counsel applying for fees" and that no such information had been provided for billers other than Mr. Creedon. *Id.* at 2. They also argued that Plaintiff's fees should be reduced because the motion to compel was neither particularly complex nor fully successful. *Id.*

Second, Defendants argued that "plaintiff is attempting to obtain fees for work unrelated to defendants' discovery defaults or has not provided information from which the Court can determine how much time was expended on those matters for which the Court held that plaintiff was entitled to legal fees." *Id.* at 3. Defendants illustrated this argument with a number of time entries in which Plaintiff block billed time to different aspects of the case. And third, Defendants contended that the Court's sanction for discovery abuses did not support a request for reimbursement of expenses in connection with Plaintiff's summary judgment motion. *Id.* at 8 ("Clearly, no part of the motion for summary judgment falls within the Court's decision that plaintiff is entitled to attorney's fees for discovery defaults.").

The motion was fully briefed when Plaintiff filed its reply on July 1, 2024. Dkt. No. 274. With it, Plaintiff presented additional information in support of the application,[1] but did not supply any additional facts regarding the credentials of the lawyers who billed time to the case. In the reply,

---

[1] The information was attached as exhibits to the reply brief. No sworn affidavit was presented to the Court supporting the accuracy of the exhibits.

4

Plaintiff explained that "numerous time entries are only partially highlighted to identify relevant portions, and the total amount requested is notably less than the straight mathematical sum of these entries." *Id.* at 2. Plaintiff offered to supplement the submissions to provide a more detailed "entry-by-entry explanation" of the portions of block billed entries included in Plaintiff's billing request. *Id.*

The very next day—July 2, 2024—one of the Defendants notified the Court that it had filed for bankruptcy protection. Dkt. No. 275. As a result of the application of the automatic stay, the Court stayed the case in its entirety. Dkt. No. 277. Just over five months later, on December 6, 2024, the Court was notified that the automatic stay had been lifted. Dkt. No. 280. The Court promptly held a conference to reschedule trial. Dkt. No. 281. During that conference, counsel for Plaintiff asked the Court to take up the pending motion for attorney's fees since the stay had been lifted. Transcript of December 10, 2024 Conference, Dkt. No. 292 at 17:10-14. The Court agreed to do so in the ordinary course given that the stay had been lifted and now does so here.

## II. Legal Standard

"As with the award of statutory attorneys' fees to a party that prevails on the merits, an award of fees as a sanction for discovery abuse begins with a lodestar analysis." *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2008 WL 1899938, at *2 (S.D.N.Y. Apr. 29, 2008). The lodestar—"the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). While presumptively reasonable, the lodestar is not "conclusive in all circumstances." *Id.* at 167 (quoting *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553 (2010)). A district court "may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee. However, such adjustments are appropriate only in rare circumstances, because the lodestar figure [already] includes most, if not

5

all, of the relevant factors constituting a reasonable attorney's fee." *Id.* (internal quotations and citations omitted, alteration in original).

Second Circuit precedent requires a party seeking an award of attorneys' fees to support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees. *Arbor Hill*, 522 F.3d at 190. The Second Circuit has directed that district "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

In determining a reasonable hourly fee, the Second Circuit has also instructed district courts to consider "*all* of the case-specific variables." *Arbor Hill*, 522 F.3d at 190. The touchstone inquiry is "what a reasonable, paying client would be willing to pay." *Id.* at 184; *see id.* at 192 ("By asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services."). The court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" and "should also consider that [a client] might be able to negotiate with his or her attorneys. . . ." *Id.* at 190. A district court may additionally factor into its determination "the difficulty of the questions involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's experience, ability and reputation[,] the customary fee charged by the Bar for similar services[,] and the amount involved." *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *2

6

(S.D.N.Y. Dec. 6, 2010) (alterations in original) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)), *report and recommendation adopted*, No. 09 Civ. 8665 (JGK), 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011).

"The district court retains discretion to determine what constitutes a reasonable fee." *Millea*, 658 F.3d at 166 (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id.* "Attorney's fees must be reasonable in terms of the circumstances of the particular case . . . ." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999).

### III. Discussion

The Court cannot grant Plaintiff's motion on this record. Each of the principle arguments presented by Defendants with respect to the motion's deficiencies has merit. First, Plaintiff's failure to provide the Court with information regarding the credentials of the billers leaves the Court unable to evaluate the reasonableness of the fee requests. "The determination of what constitutes a reasonable hourly rate . . . requires the submission of information concerning the credentials or experience of counsel applying for fees." *Fuchs v. Tara Gen. Contracting, Inc.*, No. CV 06-1282, 2009 WL 3756655, at *2 (E.D.N.Y. Nov. 3, 2009) (citations and internal quotation marks omitted). "Where such information is lacking, the court may reduce the award of attorney's fees accordingly." *Id.*; *see also Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03 Civ. 1382, 2004 WL 1375558, at *4 (S.D.N.Y. June 17, 2004) ("[W]here no information is provided concerning the credentials or experience of counsel applying for fees, it is appropriate to reduce the amount of a fee award sought.").

Because Plaintiff's counsel has failed to provide any information relating to the credentials of the professionals who billed time to the case, the Court cannot determine whether the individuals mentioned in the billing records are partners, associates, or legal assistants. Most of the time entries

7

at issue only report the initials of each biller—the Court does not even know the full names of the people for whose time Plaintiff seeks reimbursement.[2] Without this basic information, the Court cannot assess the reasonableness of the requested fees.

Second, it appears that Plaintiff is seeking reimbursement of legal fees that are not directly related to the discovery abuses that led to the Court's sanction. The Court ordered that, as a result of Defendant's misconduct, "Plaintiff is entitled to reasonable attorney's fees and costs attributable to the briefing of the sixth motion in limine, as well as their efforts to compel the production of these materials." Tr. at 52:3-6. Plaintiff's application requests reimbursement for a much broader scope of work. The request encompasses, for example, time billed to "draft initial interrogatories and requests for production for all defendants." Creedon Decl. ECF p. 5. There is no justification to claim reimbursement for crafting the discovery requests that ultimately resulted in a dispute.

Similarly, Plaintiff's application for compensation associated with the briefing of its motion for summary judgment because the Court's ultimate decision turned in part "on Plaintiff's failure to identify which entity engaged in infringement . . ." falls outside of the scope of the Court's award of sanctions. *Id.* ¶ 6(a). That award, as described above was limited to the briefing of the *motion in limine* and the efforts to compel production of the discovery materials—not all costs related to the subject matter of the discovery sought.

Third, the Court cannot ascertain how Plaintiff has calculated the requested fee award, in large part because of the pervasive use of block billing in the invoices presented in support of the motion. "Block billing refers to a single time entry that includes a variety of distinct tasks." *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 CIV. 3600 (SWK), 2005 WL 3099592, at *5 (S.D.N.Y. Nov. 17, 2005). "Block billing makes it difficult

---

[2] Plaintiff failed to present this information to the Court notwithstanding the fact that the need for such information was flagged both by the Court, Tr. at 52:12-16, and Defendants in their Opposition.

for the court to allocate time to individual activities in order to gauge the reasonableness of time expended on each activity." *Id.* "Block billing is 'not prohibited in this Circuit as long as the Court can determine the reasonableness of the work performed,' and 'billing descriptions that are fairly general, including terms such as 'case preparation' or 'meeting' may be sufficiently concrete, when viewed in context, to permit the court to make a judgment about the reasonableness of the total hours claimed.'" *Abdell v. City of New York*, No. 05-CV-8453 RJS, 2015 WL 898974, at *4 (S.D.N.Y. Mar. 2, 2015) (Sullivan, J.) (quoting *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09–cv–4602 (PGG), 2013 WL 6508813, at *11 (S.D.N.Y. Dec. 12, 2013)).

The billing records presented to the Court frequently use block billing. In many instances, Plaintiff appears to be seeking reimbursement for only a portion of those time entries. As described in Mr. Creedon's declaration, those portions of the entries are indicated with yellow highlighting. Here are two brief illustrations. On November 22, 2021, biller "SS" billed 1.1 hours at a rate of $440.00/hr. for a total of $484.00. Creedon Decl. ECF p. 16. The description of SS's work was the following: "*Call with client regarding discovery status and strategy*. Internal strategy session. Email to client regarding tasks this week. Call with former counsel regarding transition." *Id.* On December 21, 2021, biller "BST" billed 1.9 hours of work at a rate of $390.00/hr. for a total of $741.00. *Id.* at ECF p. 18. The description of BST's work follows: "Review documents from Wendy. *Review Defendants' discovery responses.*" *Id.* The italicized text is highlighted in Plaintiff's submission, indicating that Plaintiff is seeking compensation for only that portion of the time billed.

These examples illustrate the two principle problems with Plaintiff's billing records. First, Plaintiff does not show the Court how it calculated its damages. As a result, the Court cannot ascertain how much of the $484.00 billed by SS is included in Plaintiff's proposed award. Mr. Creedon's declaration asserts that he only included a portion of those amounts, but Mr. Creedon does not tell the Court how much of that time Plaintiff is claiming, and why. Those gaps make it

9

impossible for the Court to audit the reasonableness of the request. Second, the motion does not provide the Court a basis to determine that, for example, the time spent by BST reviewing "Defendants' discovery responses" was linked to the deficiencies that led to the Court's award of sanctions. These examples are merely illustrative. Similar issues pervade Plaintiff's motion and supporting evidence.

## IV.  Conclusion

Plaintiff is entitled to some amount of money to compensate it for Defendants' sanctionable conduct. But for the reasons described above, Plaintiff's motion does not provide the Court the information that it requires in order to evaluate the reasonableness of its request. Plaintiff's request also appears to seek compensation for work conducted that falls outside of the scope of the Court-ordered sanction. As a result, Plaintiff's motion for attorney's fees is denied without prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 269.

SO ORDERED.

Dated:  February 27, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge