**SOLOMON ROSENGARTEN**
Attorney-at-Law
2329 Nostrand Avenue-Suite 100
Brooklyn, New York 11210
**(718) 627-4460**
VOKMA@AOL.COM

Admitted **to Practice:**
**New York**
**New** Jersey

October 30, 2025

Hon. Gregory H. Woods
United States District Judge 500
Pearl Street
New York, NY 10007

Re: Viahart v. Creative Kids, et al
Docket No. 20-9943

Dear Judge Woods:

I am the attorney for the defendants in the above-entitled matter.

I am writing to request a pre-motion conference on an anticipated motion. It is my intention to move this Court to enforce a settlement agreement reached between the parties and for the imposition of sanctions upon plaintiff's counsel for attempting to renege on the agreement.

After discussions on the telephone between myself and Charles Wallace, Esq., one of the attorneys handling this matter on behalf plaintiff, the parties agreed to terms of settlement. This agreement was reflected in an e-mail exchange between Mr. Wallace and myself. Mr. Wallace set forth the terms of settlement as we had agreed to by telephone. I confirmed that the terms were agreed to by defendants. Plaintiff's counsel stated that he would draft a Judgment which mirrored our agreement and would make a motion for the entry of said Judgment. After waiting for the proposed Judgment, I e-mailed Mr. Wallace and inquired as to when I can expect the drafted Judgment. In response, he stated, by e-mail, that the parties had not reached an agreement. This was nothing less than an effort to renege on the agreement. Mr. Wallace has attempted to add additional terms to the settlement which were not reflected either in our conversations or e-mails.

The terms of settlement which were agreed to are as follows: Defendants will stipulate to a motion for entry of judgment that defendants infringed plaintiff's trademark through the use of the term "FLAKES" in connection with interlocking disc toy products, and that all counterclaims against plaintiff will be dismissed. Plaintiff will also agree in principle that it will not make any claim against any consumers who purchased these products from defendants.
It is well settled that an agreement set forth in e-mails is enforceable. *Williamson v Delsener*, 59 AD3d 291 (NY App. Div. 2009)

Plaintiff's counsel's attempt to renege on the agreement constitutes misconduct and bad faith

warranting the imposition of sanctions. "A federal court may 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2nd Cir. 2023), citing *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).

Plaintiff's counsel's conduct in attempting to renege on the agreement made between the parties is shameful and constitutes misconduct warranting sanctions. The attempt to renege on an agreement made between attorneys can only be said to have been in bad faith as it is an attempt to change the terms of settlement.

I therefore request a pre-motion conference with a view to making the motion discussed.

I e-mailed Mr. Wallace and asked him whether he consents to scheduling a pre-motion motion conference. I have not received a response.

Respectfully Yours,

/s/ Solomon Rosengarten

Solomon Rosengarten