UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIAHART, LLC

                              Plaintiff      Civil Action 20-9943

    v.

CREATIVE KIDS ON LINE LLC, et al.

                              Defendants

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO ENFORCE A SETTLEMENT AND FOR THE IMPOSITION OF SANCTIONS**

 

SOLOMON ROSENGARTEN
Attorney for Defendants
2329 Nostrand Avenue
Brooklyn, New York 11210
718-627-4460
vokma@aol.com

## THIS MOTION TO ENFORCE A SETTLEMENT AGREEMENT IS PROPERLY BEFORE THE COURT

The Court has the authority to enforce a settlement agreement. *Omega Engineering, Inc. v. Omega, S.A.*, 432 F.3d 437 (2nd Cir. 2005); *Elysium Health, Inc. v. Chromadex, Inc*., 22-1059-cv (Lead), 22-1153-cv (XAP) (2nd Cir. 2023). If the Court did not have such authority parties would be free to enter into settlement agreements and then renege on the agreement. If a party knew that a settlement agreement could not be enforced, it would make a mockery of settlement agreements. Moreover, a court must enforce a contract between parties if called upon to do so, A settlement is a contract and should be enforceable as a contract. Moreover, it would be unjust to try a case when- the parties' expectations are that settlement would avoid a trial and its incident cost and consumption of time.

## THE COURT SHOULD ENFORCE A SETTLEMENT AGREEMENT AND IMPOSE SANCTIONS ON PLAINTIFF AND ITS COUNSEL FOR RENEGING ON THE SAME

As set forth in the declaration of Solomon Rosengarten, The attorneys for the respective parties engaged in settlement conversations. The terms of settlement were agreed to in in a telephone call. Following that, the terms of settlement were set forth in an email from plaintiff's counsel to defendants' attorney. Despite this, plaintiff's counsel denies that the parties settled this matter.

On October 6, 2025, Charles Wallace, Esq., attorney for the plaintiff emailed counsel for defendants stating:

> As we discussed last week and over our call just now, please confirm in writing that your client's agree in principle to filing a stipulated motion for entry of judgment regarding their infringement of our client's trademark through the use of the term "FLAKES" in connection with interlocking disc toy products, and that all counterclaims against our client will be denied

and dismissed. We will also agree in principle that our client will not make any claim against any consumers who purchase products for your clients. **Once we have your written confirmation, we will promptly prepare the motion so this matter can be resolved ahead of trial.**[1]

Four minutes later, Defendants attorney email Mr. Wallace and stated that "The Terms you set forth are correct."[2]

It is well settled that an agreement set forth in e-mails is enforceable. *Williamson v Delsener*, 59 AD3d 291 (NY App. Div. 2009). In the instant case, as set forth above, plaintiff sent an email to defendants attorney setting forth the terms of which had been discussed and agreed to prior to the email. The email contained all of the material elements which were necessary to resolve the issues in the case.

As stated in the declaration of Solomon Rosengarten, Mr. Wallace now takes the position that the case was not settled. This "flies in the face" of the express terms proposed by plaintiff and agreed to by defendant. Defendants submit that reneging on an agreement constitutes conduct which warrants sanctions. "A federal court may 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2nd Cir. 2023), citing *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013).

Plaintiff's counsel's conduct in attempting to renege on the agreement made between the parties is shameful and constitutes misconduct warranting sanctions. The attempt to renege on an agreement made between attorneys can only be said to have been in bad faith as it is an attempt to change the terms of settlement. The Court should therefore impose sanctions on plaintiff and its

---

[1] Exhibit "A" annexed to Declaration of Solomon Rosengarten.
[2] Exhibit "A" annexed to Declaration of Solomon Rosengarten.

counsel. Such sanctions should include attorney's fee expended by defendants in connection with the instant motion.

/s/ Solomon Rosengarten

SOLOMON ROSENGARTEN