UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIAHART, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CREATIVE KIDS ONLINE, LLC; CREATIVE KIDS FAR EAST, INC.; CREATIVE KIDS ENTERPRISES, LLC; and CK ONLINE, LLC,<br><br>Defendants. | Case No. 1:20-cv-09943-GHW |

**DECLARATION OF CHARLES A. WALLACE SUPPORTING**
**VIAHART'S OPPOSITION TO DEFENDANTS' MOTION FOR SETTLEMENT**

I, Charles A. Wallace, pursuant to 28 U.S.C. § 1746, declare as follows:

1. "I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in this Declaration is based on my personal knowledge.

2. I am an attorney at the law firm Scale LLP, located at 548 Market Street, Suite 86147, San Francisco, CA 94104. I am licensed to practice in the State of Texas and am admitted *pro hac vice* before this Court. Dkt. 216.

3. Plaintiff Viahart, LLC ("Plaintiff") retained Scale LLP to represent it in the above-styled lawsuit. As counsel of record for Plaintiff, I have personal knowledge of this lawsuit, the filings in this proceeding, and the facts related thereto.

4. On September 3, September 10, and September 12, 2025 I emailed Defendants' counsel, Solomon Rosengarten, inquiring whether Defendants intended to file another last-minute bankruptcy petition and requesting the professional courtesy of notice before Viahart made substantive travel and logistical arrangements for trial on November 17, 2025. Attached hereto as **Exhibit A** are true and correct copies of the emails I sent to Defendants' counsel on September 3, September 10, and September 12, 2025.

5. Following the September 12 email, Defendants' counsel called me, and we discussed the possibility of efficiently resolving this case by filing a stipulated motion for entry of judgment in Viahart's favor.

6. During that call, Defendants' counsel stated that he would call me back on September 15, 2025 to discuss the option in more detail, but never did so.

7. On October 2, 2025, I emailed Defendants' counsel again, inquiring whether Defendants would be interested in a stipulated motion for entry of judgment on the issue of Defendants' trademark infringement, and simultaneously demanding payment of the sanctions award and providing a link for payment. Attached hereto as **Exhibit B** is a true and correct copy of the email I sent to Defendants' counsel on October 2, 2025.

8. That same day, Viahart's founder and President, Molson Hart also emailed Defendants' counsel, demanding payment of the sanctions award, providing a link for payment, and stating that, if the Defendants wished to settle the dispute, they must "provide an offer in writing." Attached hereto as **Exhibit C** is a true and correct copy of the email Mr. Hart sent to Defendants' counsel October 3, 2025, which I was later copied on.

9. I sent Defendants' counsel another email on October 3, 2025, again asking whether Defendants would be interested in a stipulated motion for entry of judgment, and once again simultaneously demanding payment of the sanctions award and providing a link for payment. Attached hereto as **Exhibit D** is a true and correct copy of the email I sent to Defendants' counsel on October 3, 2025. Again, Defendants' counsel did not respond.

10. On October 6, 2025, I spoke with Defendants' counsel by phone, at which time we again discussed Defendants' outstanding obligation to pay the sanctions award and the possibility of filing a stipulated motion for entry of judgment. Following that call, I emailed Defendants' counsel to memorialize what we had discussed concerning the proposed stipulated motion for entry of judgment. In response—within minutes—Defendants' counsel replied, "The terms you set forth are correct." Attached hereto as **Exhibit E** is a true and correct copy of the email I sent to Defendants' counsel on October 6, 2025 and Defendants' counsel's response.

11. That same day, having still received no response from Defendants' counsel, Mr. Hart sent two additional emails reiterating his position. In those emails, Mr. Hart stated: "If you want to resolve this through settlement, here is what I need: 1. Payment of the judgment. I need this show of good faith so I know I'm not wasting my time and money. 2. Start exchanging emails in writing about terms. It can be between me and you or me and your clients—it doesn't matter. It just needs to be in good faith." Attached hereto as **Exhibit F** are true and correct copies of the emails Mr. Hart sent to Defendants' counsel on October 6, 2025, which I was copied on. Again, Defendants and Defendants' counsel did not respond.

12. When I sought clarification regarding Defendants' counsel's October 6, 2025 email stating, "The terms you set forth are correct[,]" Defendants' counsel confirmed on October 17, 2025, that Defendants summarily "will stipulate to a motion for entry of judgment . . ." Attached hereto as **Exhibit E** is a true and correct copy of my October 17, 2025 email to Defendants' counsel seeking clarification and Defendants' counsel's October 17, 2025 response.

13. The October 6, 2025 email in which Defendants' counsel stated that "the terms you set forth are correct" related solely to a potential stipulated motion for judgment on Defendants' trademark infringement that the parties discussed, which was never finalized nor reduced to writing.

14. On October 21, 2025, Defendants' counsel inquired whether the proposed stipulated motion had been drafted. I responded, once again demanding payment of the sanctions award. Attached hereto as **Exhibit G** are true and correct copies of the email Defendants' counsel sent on October 21, 2025 and my response.

15. Thereafter, Defendants sent a series of threatening emails, raising ethical complaints and sanctions against me. Attached hereto as **Exhibits G and H** are true and correct copies of the emails Defendants' counsel sent me.

16. After receiving these emails, I responding to Defendants' counsel making clear that the parties had been discussing only basic terms of a potential stipulated motion for entry of judgment—not a settlement agreement—that the sanctions award remained unpaid, and that prior requests for settlement terms had gone unanswered. Attached hereto as **Exhibits G and H** are true and correct copies of my emails to Defendants' counsel regarding same.

17. Defendants' counsel then created a new email thread with the subject line "TERMS OF SETTLEMENT," attaching my October 6, 2025 email regarding the proposed stipulated motion—misleadingly implying that I had authored the subject line, which I did not. Defendants' counsel's email is attached hereto as **Exhibit H**.

18. The concept of the proposed stipulated motion was never reduced to writing, never executed or adopted by either party, and no agreement—let alone an agreement encompassing all essential terms—was ever reached.

19. Any discussions between the parties regarding the preparation of a stipulated motion for entry of judgment were always understood to be entirely separate from Defendants' obligation to pay the sanctions award, as evidenced by the email communications attached hereto and referenced above.

20. To date Defendants have failed to satisfy the Court's order awarding attorney's fees sanctions to Viahart (Dkt. 313)."

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 12, 2025.

________________________________
Charles A. Wallace
Scale LLP