# VIAHART

**SOLOMON ROSENGARTEN** <vokma@aol.com> Fri, Oct 24, 2025 at 10:48 AM
To: Charles Wallace <cwallace@scalefirm.com>
Cc: Jamie Wells <jamie.wells@scalefirm.com>, James Creedon <jcreedon@scalefirm.com>

After your client sent an e-mail asking for legal fees, you made your proposal for settlement, without legal fees. This implicitly overrode his demand for legal fees. As Viahart's attorney, you have the authority to make an offer of settlement. When you made the offer, you were aware of the fact that he had sent an e-mail demanding legal fees.

In my opinion, your argument does not have any merit. I guess we will let the Judge decide.

**Solomon Rosengarten**
**Attorney-at-Law**
**2329 Nostrand Avenue**
**Brooklyn, New York 11210**
**718-627-4460**
**vokma@aol.com**

On Friday, October 24, 2025 at 11:08:47 AM EDT, Charles Wallace <cwallace@scalefirm.com> wrote:

Sol,

As you know, we are only authorized to convey and negotiate the terms our client approves. There has been no unethical conduct by anyone on our team, and any high-level concepts regarding a proposed stipulated judgment discussed to date have come directly from our client, and have never included a waiver of discovery abuse sanctions.

In fact, as you are aware, the most recent high-level proposal of settlement came ***directly*** from our client on October 6, 2025 (attached). In that email—and in multiple calls and emails you and I have exchanged—our client has consistently made clear that any resolution of the principal claims is separate from the Court-ordered attorney's fees arising from your clients' discovery abuses, and that any terms of settlement must go through him. At no point has our client agreed to waive the sanctions award. As you know, there is no finalized settlement between the parties, and our client has instructed both sides that payment of the outstanding attorney's fees must be addressed before any settlement or stipulated judgment can be executed. **We have no authority to make any offer beyond what our client has offered your client directly by email, nor have we ever represented otherwise.**

We value our professional obligations and expect the same from our colleagues and opposing counsel. Our client's current high-level and clear settlement proposal—still awaiting a response—is attached should your client wish to participate in those discussions.

Regards,

Charles

On Fri, Oct 24, 2025 at 8:35 AM SOLOMON ROSENGARTEN <vokma@aol.com> wrote:

Charles:

You are doubling down on your outrageous conduct. The terms of the agreement were e-mailed to me by you and I accepted them. They did not include attorney's fees. I stand by my previous e-mail and the deadline I set for you to do what is right is still today.

My statement regarding an ethics complaint is not intended as leverage. It is meant to emphasize to you the serious nature of your unethical conduct, the likes of which I have not seen in almost 52 years of practice.

**Solomon Rosengarten**
**Attorney-at-Law**
**2329 Nostrand Avenue**
**Brooklyn, New York 11210**
**718-627-4460**
**vokma@aol.com**

On Wednesday, October 22, 2025 at 07:19:15 PM EDT, Charles Wallace <cwallace@scalefirm.com> wrote:

Sol,

Thank you for your email. I must say I was surprised by its tone. For clarity, my client has not reneged on any prior offers in principle, and we will respond shortly after consulting with our client. I do, however, need to address the ethical concerns raised in your email, which are misplaced.

As you know, on September 2, 2025, we spoke by phone regarding whether your clients would pursue another eleventh-hour bankruptcy proceeding ahead of trial, as occurred in 2024. You indicated you would follow up with me, but never did, despite my follow-ups on September 10 and September 12.

On September 12, we briefly discussed the idea of a stipulated motion for entry of judgment by phone. You indicated you would consult with your client and call me the following Monday. I even sent a calendar invite to facilitate that discussion, but you failed to make the scheduled call. Because of this we did not connect until September 29. At that time, you indicated your client might be amenable to stipulating to a motion for entry of judgment in my client's favor. Subsequently, the Court issued its order awarding Viahart attorney's fees based on sanctions for your client's discovery abuses on October 1 (Dkt. 313).

Following that, on October 2 and October 3, I asked you to (1) confirm your client's proposed settlement terms in principle and (2) provide information regarding payment of the sanctioned attorney's fees (see attached emails). I requested both of these items again on October 21 (this email is also attached). I imagine it is this outstanding issue regarding the sanctioned attorney's fees, paired with the stress of trial in only a few short weeks, that prompted your email today.

I take my ethical obligations very seriously, and would never threaten an ethics complaint absent a serious lapse in professional conduct. Your characterization of my efforts to enforce the Court's awarded attorney's fees as "outrageous and highly unethical" was therefore surprising. **The sanctions awarded to Viahart for your client's discovery abuses are separate from the settlement terms we have been discussing, and at no point has Plaintiff proposed waiving the sanction award as part of any settlement.**

We remain open to discussing this matter in accordance with the prior settlement discussions we have had thus far, but I would appreciate it if we refrain from framing this issue as an ethical violation. Threats of this nature should not be used as leverage in client matters, and I trust you can appreciate the importance of maintaining the integrity of the profession. I expect your confirmation by close of business on Friday, October 24, that you recognize this distinction and that no ethics complaint will be filed as threatened.

I take my role as an officer of the court very seriously and expect the same standard from my colleagues and opposing counsel. I hope we can focus on resolving this matter for our clients without resorting to threats or other inappropriate tactics.

Regards,

Charles

On Wed, Oct 22, 2025 at 1:39 PM SOLOMON ROSENGARTEN <vokma@aol.com> wrote:

> Charles:
>
> Your attempt to renege on our settlement agreement is outrageous and highly unethical.
>
> You e-mailed me the terms of the settlement agreement and I acknowledged that I agreed to the terms. The terms of settlement did not include attorney's fees.
>
> I have been practicing law for almost 52 years and have never had an attorney renege on a settlement agreement. I go back to the time before e-mails, when cases were sometimes settled on the telephone. I have never had an experience where an attorney reneged on an agreement, even when it was not in writing. This is the way attorneys behave. Your conduct is beyond the pale.
>
> Therefore, unless you confirm that you will abide by the terms of settlement which were agreed to no later than October 24, 2025, I will move the Court to enforce the settlement agreement and seek sanctions for your outrageous conduct. In addition, I will file an ethics complaint against you with the Texas ethics committee and the Southern District of New York disciplinary committee (you are subject to their jurisdiction since you have been admitted pro hac vice in the District).
>
> **Solomon Rosengarten**
> **Attorney-at-Law**
> **2329 Nostrand Avenue**
> **Brooklyn, New York 11210**
> **718-627-4460**
> **vokma@aol.com**
>
> On Tuesday, October 21, 2025 at 04:59:22 PM EDT, Charles Wallace <cwallace@scalefirm.com> wrote:
>
>> Sol,
>>
>> We are discussing with our client. In the meantime, it is crucial for your clients to satisfy payment of the attorney's fees ordered by Judge Woods for their discovery abuses. Please advise as to when we can expect to receive that so we can advise our client accordingly.
>>
>> Thanks,
>>
>> Charles
>>
>> On Tue, Oct 21, 2025 at 12:22 PM SOLOMON ROSENGARTEN <vokma@aol.com> wrote:
>>
>>> Charles:
>>>
>>> When can I expect the proposed Judgment?
>>>
>>> **Solomon Rosengarten**
>>> **Attorney-at-Law**
>>> **2329 Nostrand Avenue**
>>> **Brooklyn, New York 11210**
>>> **718-627-4460**
>>> **vokma@aol.com**