UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIAHART, LLC,<br>Plaintiff,<br><br>-against-<br>CREATIVE KIDS ONLINE, LLC, CREATIVE KIDS FAR EAST, INC., CREATIVE KIDS ENTERPRISES, LLC, CK ONLINE, LLC and PLAYLEARN USA, INC<br>Defendant. | Case No. 20-cv-9943 |

**REPLY DECLARATION**

Solomon Rosengarten hereby affirms under penalty of perjury, pursuant to 28 U.S.C. 1746:

1. I am the attorney for the defendants in the above-entitled matter, am personally familiar with the facts set forth herein and submit this Declaration in reply to plaintiff's opposition to defendants' motion to enforce a settlement and for sanctions.

2. Prior to October 3. 2025, an oral settlement agreement was reached between myself and Charles Wallace, counsel for plaintiff.

3. On Friday, October 3, 2025, I received an e-mail from Charles Wallace in which he proposed terms of settlement, which included paying legal fees assessed by the Court, which was inconsistent with the agreement we had previously discussed and agreed to orally (Exhibit "A")

4. On Monday, October 6, 2025, at approximately 9:00 A.M., I called Mr. Wallace and told him that the inclusion of legal fees was inconsistent with the terms of settlement which we had reached orally.

5. Mr. Wallace agreed that the request for legal fees was not agreed to and promptly sent an e-mail setting forth the terms of settlement and omitting any reference to the legal fees which had been included in the October 3, 2025 e-mail (Exhibit "B").

6. He also stated that he would draft the settlement papers.

7. After waiting for a while for the settlement papers, I sent Mr. Wallace an e-mail on October 17, 2025, asking him for the papers which he had agreed to draft (Exhibit C).

8. His response was that he wanted to know what my client's settlement terms were despite being well aware that the terms of the agreement were previously reached orally and were reflected in his October 6, 2025 email (Exhibit "C").

9. Mr. Wallace previously assured me on several occasions that the matter was settled.

10. Defendants detrimentally relied on the fact that the matter had been conclusively settled and that preparation for trial was unnecessary.

11. Now defendants are faced with the prospect of being forced to try this case because of the bad faith conduct of plaintiff.

12. The same is inequitable.

13. The Court should therefore compel enforcement of the settlement and impose sanctions for being compelled to make the motion to enforce the agreement on the eve of trial.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2025

By: *<u>/s/ Solomon Rosengarten</u>*
SOLOMON ROSENGARTEN