SCALE LLP

2261 Market Street, Ste. 85604
San Francisco, CA 94114
www.scalefirm.com

**Jamie D. Wells | Partner**
415.735.5933 | Jamie.wells@scalefirm.com

**Charles Wallace | Counsel**
415.735.5933 | cwallace@scalefirm.com

**Sabina Schiller | Counsel**
415.735.5933 | sschiller@scalefirm.com

November 14, 2025

*Via ECF*

Daniel Patrick Moynihan United States Courthouse
Attn: Chambers of Gregory H. Woods
500 Pearl St.
New York, NY 10007-1312

    Re:    Viahart, LLC v. Creative Kids Online, LLC, et al. (20cv9943)
            Defendants' Continued Failure to Provide Trial Exhibits

Dear Honorable Judge Woods,

    We write on behalf of Viahart, LLC. Trial begins Monday, November 17, 2025—in less than one full business day—and Defendants still have not provided Viahart with Defendants' trial exhibits as identified on Defendants' amended exhibit list that was filed in this matter on June 21, 2024 (the "Amended Exhibits List," Dkt. 261).

    Despite Viahart's ongoing requests and the Court's clear prior orders requiring Defendants to provide Viahart with Defendants' trial exhibits by no later than 7:00 pm ET on November 13, 2025, it was not until today that Defendants sent Viahart a link with their purported exhibits for

trial. The documents Defendants sent to Viahart, however, are not the trial exhibits identified on Defendants' Amended Exhibits List. Moreover, the purported exhibits provided today include documents that (i) have never been provided to the Court or to Viahart, and do not appear anywhere on Defendants' Amended Exhibits List; (ii) are expressly precluded by this Court's rulings, as shown in Viahart's objections to the Amended Exhibits List (Dkt. 262); or (iii) are not labeled with exhibit numbers that correspond with the exhibit numbers identified on Defendants' Amended Exhibits List, making it impossible for Viahart to determine what Defendants actually intend to introduce. In short, ***Defendants have still failed to provide their final and correctly identified trial exhibits***—despite more than a year passing since the filing of their Amended Exhibits List, multiple orders from the Court, multiple extensions, and repeated reminders.

A few nonexhaustive examples—provided for illustrative purposes only—demonstrate the pervasive deficiencies in Defendants' submissions. Several of the documents provided today, including D1, D4, D9, D10, D12, D13, D15, D23, and a large portion of D24, are exhibits this Court expressly precluded Defendants from introducing on June 18, 2024, such as evidence of Defendants' costs, sales, and prior lawsuits. *See* Dkt. 262. The versions of D18 and D22 provided today, which are duplicative documents, have also been precluded by the Court. *Id.* Other materials, labeled D3, D6, D7, and D8, include various unidentified "Product Sample[s]" that are nowhere referenced on Defendants' Amended Exhibits List. More problematically, Viahart has never seen, nor have Defendants ever disclosed, what "Product Sample[s]" they would now purport to introduce. Defendants' vague description in the Amended Exhibits List also fails to provide the requisite detail that would even allow Viahart, or this Court, to determine what items

2

Defendants are now seeking, less than one business day before trial, to introduce at trial. In short, Defendants have still failed to provide Viahart or the Court with a proper set of Defendants' exhibits for trial.

These issues are not new. Viahart alerted Defendants, and the Court, more than a year ago that Defendants' June 2024 Exhibits List contained exhibits already precluded by the Court. Dkt. 262. Since then, Defendants have ignored repeated Court orders directing them to produce both electronic and physical copies of their trial exhibits. Their most recent request for yet another extension—which the Court denied this morning (Dkt. 343)—only underscores their continued disregard of their obligations. With trial imminent, the prejudice to Viahart is clear. Viahart cannot properly prepare for trial and is left to guess what exhibits Defendants may attempt to introduce. Defendants' conduct is sanctionable and the Court should impose sanctions against Defendants for their blatant failure to comply with this Court's orders and the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, and the Court's inherent authority, this result is warranted, particularly where a party repeatedly ignores Court orders and where the prejudice cannot be cured without delaying trial. But trial delay in and of itself would be prejudicial to Viahart given that this matter has already once been continued on the eve of trial as of result of Defendants' prior improper conduct.

Viahart stands ready to address these issues further at the Court's convenience, including prior to jury selection Monday morning.

>Respectfully submitted,
>
>**SCALE LLP**
>
>By: */s/ Charles Wallace*
>Jamie Wells (admitted pro hac vice)
>California Bar No. 290827
>Charles A. Wallace (admitted pro hac vice)
>Texas Bar No. 24110501
>Sabina Schiller (admitted pro hac vice)
>MD Bar No. 1212130095
>548 Market Street, Suite 86147
>San Francisco, CA 94104
>Tel. (415) 735-5933
>Fax. (415) 573-0983
>jamie.wells@scalefirm.com
>cwallace@scalefirm.com
>sschiller@scalefirm.com
>
>**COUNSEL FOR PLAINTIFF
>VIAHART, LLC**

## CERTIFICATE OF SERVICE

I certify that, on November 14, 2025, the foregoing document was filed with the Clerk via the Court's CM/ECF, which served all counsel of record.

>*/s/ Charles A. Wallace*
>Charles A. Wallace