```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
VIAHART, LLC,                                                     :
                                                                  :
                                        Plaintiff,                :    1:20-cv-9943-GHW
                                                                  :
                     -v-                                          :    ORDER
                                                                  :
CREATIVE KIDS ONLINE, LLC, et al.,                                :
                                                                  :
                                        Defendants.               :
                                                                  :
----------------------------------------------------------------- X
```

<div style="text-align: right">
<div style="border: 1px solid black; display: inline-block; text-align: left; padding: 4px">
USDC SDNY<br>
DOCUMENT<br>
ELECTRONICALLY FILED<br>
DOC #: _____<br>
DATE FILED: 11/14/2025
</div>
</div>

GREGORY H. WOODS, United States District Judge:

In 2020, the plaintiff filed this action alleging that Defendants infringed on its intellectual property rights. A jury trial is scheduled to resolve its claims on November 17, 2025. On November 14, 2025 at 3:37 p.m., counsel for Defendants filed a suggestion of bankruptcy, notifying the Court that one of the defendants, Creative Kids Enterprises LLC ("Creative Kids Enterprises"), had filed a bankruptcy petition under Chapter 11 of the U.S. Bankruptcy Code and that this case is now automatically stayed with respect to Creative Kids Enterprises under 11 U.S.C. § 362(a)(1).[1] Dkt. No. 347. In his letter, counsel also argued that this action should be stayed with respect to the other non-debtor Defendants (the "Remaining Defendants"). *Id.* Because the Court finds that the continuing the litigation of the plaintiff's claims against the Remaining Defendants will have immediate adverse economic consequences on Creative Kids Enterprises, the Remaining Defendants' motion is GRANTED and the case is STAYED.

I.     DISCUSSION

An action against a debtor's non-debtor co-defendants "is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also*

---

[1] This is the second Defendant to file for bankruptcy on the eve of trial. *See* Dkt. No. 277.

*Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). "[C]ourts will generally not extend the automatic stay of proceedings . . . to non-debtor co-defendants." *DeSouza v. PlusFunds Grp., Inc.*, No. 05 Civ. 5990 RCCJCF, 2006 WL 2168478, at *2 (S.D.N.Y. Aug. 1, 2006). However, the Second Circuit has recognized certain exceptions to that general rule, holding that "[t]he automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Such claims include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Id.*; *see also DeSouza*, 2006 WL 2168478, at *2 (noting the stay may be extended to non-debtor defendants in "unusual circumstances," such as "where failure to extend the stay would pose a serious threat to the debtors' reorganization efforts" (internal quotation marks and citations omitted)). "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon . . . reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *DeSouza*, 2006 WL 2168478, at *2 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)).

Trying the action against the Remaining Defendants is sufficiently likely to have a material effect upon Creative Kids Enterprises' reorganization efforts to warrant an extension of the automatic stay at this time. Plaintiff asserts all three of its causes of action against all of the Defendants collectively, without differentiating among them and based on the same alleged conduct. Dkt. No. 112 ¶¶ 32–51 (Second Amended Complaint). Most significantly for the purposes of this decision, at the request of the plaintiff, the Court has held that the jury may impute the actions of any Defendant to the other Defendants and that the jury must hold all Defendants jointly and

2

severally liable for any liability and damages found on the plaintiff's claims. Dkt. No. 253; *see also* Dkt. No. 276 (summarizing this ruling).

These facts establish an identity of interests between the debtor and the Remaining Defendants sufficient to support an extension of the automatic stay as to them. Because Defendants are jointly and severally liable for the plaintiff's claims, the litigation of claims asserted against the Remaining Defendants "will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd.*, 321 F.3d at 287. That is because, as currently contemplated, a favorable resolution at trial of the plaintiff's claims against the Remaining Defendants will impose liability on Creative Kids Enterprises as a joint and several obligor with respect to those liabilities. Creative Kids Enterprises' exposure is equivalent to that of a guarantor of the Remaining Defendants' liability. *See id.*

Moreover, the claims against the debtor are, as pleaded, inextricably intertwined with those against the Remaining Defendants. *See generally* Second Amended Complaint. And the Court understands from the pretrial conferences in this matter that the plaintiff was not provided, during discovery, information that would allow it to discriminate between the conduct of the debtor and the Remaining Defendants. This set of facts also supports the extension of the automatic stay to the Remaining Defendants. *See Hatteras Enters. Inc. v. Forsythe Cosmetic Grp., Ltd.*, No. 15-CV-5887 (JMW), 2024 WL 1908593, at *3 (E.D.N.Y. May 1, 2024) (extending stay to non-debtor defendants where plaintiffs did not differentiate among defendants, and proceeding to trial against non-debtor defendants "dangerously approache[d] claims that are inextricably intertwined with those brought against the debtor"); *Tenas-Reynard v. Palermo Taxi Inc.*, No. 14 Civ. 6974 (PGG), 2016 WL 1276451, at *6 (S.D.N.Y. Mar. 30, 2016) (extending automatic stay to non-debtor defendant where non-debtor defendant's "liability is automatic and co-extensive with [debtor defendant's] liability"); Dkt. No. 40,

*Tr. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Universal Developers, Inc.*, No. 1:23-cv-1082-AT (S.D.N.Y. June 29, 2023) (order extending automatic stay to non-debtor defendants).

## II. CONCLUSION

For the foregoing reasons, the Remaining Defendants' motion is granted and this action is stayed as to the Remaining Defendants. This action is, therefore, stayed, and all scheduled dates and deadlines in this case, including the jury trial scheduled for November 17, 2025, are adjourned *sine die*. The stay will remain in effect until such a time as the U.S. Bankruptcy Court for the Southern District of New York lifts the stay as to Creative Kids Enterprises or the Remaining Defendants, or, with respect to the Remaining Defendants, as the Court otherwise orders. Plaintiff is directed to file a status update letter no later than ten days after Bankruptcy Court lifts the stay as to Creative Kids Enterprises or the Remaining Defendants or by May 14, 2026, whichever is earlier.

The Clerk of Court is directed to note the stay of this action on the docket and to terminate the motions pending at Dkt. Nos. 326 and 347.

SO ORDERED.

Dated: November 14, 2025
       New York, New York

                                                 GREGORY H. WOODS
                                          United States District Judge