UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

VIAHART, LLC,

              Plaintiff,

      v.

CREATIVE KIDS ONLINE, LLC; CREATIVE
KIDS FAR EAST, INC.; CREATIVE KIDS
ENTERPRISES, LLC; and CK ONLINE, LLC,

              Defendants.

------------------------------------ X

Case No. 1:20-cv-09943-GHW

## NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 1.4 of the United States District Court for the Southern District of New York and Rule 1.16 of the New York Rules of Professional Conduct, Jamie Wells, Charles Wallace, and Sabina Schiller, together with Scale LLP (collectively, "Counsel"), respectfully move this Court for leave to withdraw as counsel of record for Viahart LLC ( "Viahart") in the above-captioned action. Viahart has been notified of this motion and opposes withdrawal.

Counsel is mindful that the Court's and Viahart's interests weigh against disruption in the progress of this litigation, and Counsel does not make this motion lightly. However, as set forth below, circumstances have arisen that render continued representation impossible and that constitute good cause for withdrawal under applicable professional responsibility rules.

– 1 –

**BACKGROUND**

Counsel entered an appearance in this matter on or about April 23, 2024. The case concerns trademark infringement and unfair competition claims asserted by Viahart against Creative Kids Online, LLC and the other named defendants. Trial is not yet scheduled in this case, and the case is currently stayed.

Notwithstanding the posture of the case, irreconcilable differences have arisen between Counsel and Viahart regarding the objectives of the representation and the means by which the matter is to be pursued, making it unreasonably difficult for Counsel to carry out the representation effectively. Counsel has made good-faith efforts to resolve these differences, but those efforts have been unsuccessful.

Out of an abundance of caution and in deference to the Court's preference for full disclosure, Counsel is prepared to submit, under seal and for in camera review, a supplemental declaration providing additional detail regarding the grounds for withdrawal, to the extent the Court deems such disclosure necessary to rule on this motion. *See* Local Civ. R. 1.4, Pre-2024 Committee Note (court may require disclosure of reasons in camera to protect privileged information).

**LEGAL STANDARD**

Under Local Civil Rule 1.4, counsel may withdraw upon a showing of satisfactory reasons, considering the posture of the case and the effect on proceedings. SDNY courts repeatedly hold that satisfactory reasons include a client's lack of cooperation, acrimonious relationship, and irreconcilable conflict. Where the relationship has deteriorated such that counsel cannot provide effective advocacy, courts permit withdrawal even over the client's objection. *See,*

*e.g., Khmaladze v. Vorotyntsev*, No. 1:16-CV-8029-GHW, 2026 WL 861176 (S.D.N.Y. Mar. 30, 2026). The Second Circuit has made clear that an attorney cannot be forced to remain in an "impossible" representation where the client's conduct creates a functional conflict or makes effective advocacy untenable. *Whiting v. Lacara*, 187 F.3d 317, 322 (2d Cir. 1998).

**ARGUMENT**

### I. Good Cause Exists for Withdrawal

As noted above, irreconcilable differences have developed between Counsel and Viahart that make continued representation unreasonably difficult. Counsel is not in a position to detail these differences fully on the public record without risking disclosure of privileged communications, but stands ready to provide additional information to the Court in camera. The existence of such differences—without more—constitutes good cause for withdrawal under both Local Civil Rule 1.4 and Rule 1.16 of the New York Rules of Professional Conduct.

### II. Withdrawal Will Not Materially Prejudice Viahart

Trial in this matter is not yet scheduled, the case is stayed, and there is no scheduled deadline other than the Court's order to provide a joint letter update on May 18, 2026. Viahart will have ample time to retain replacement counsel before any critical deadline.

Upon withdrawal, Counsel will take all steps necessary to protect Viahart's interests during the transition period and will cooperate fully with successor counsel. Counsel will also provide Viahart with written notice of all upcoming deadlines of which Counsel is aware.

Although Viahart opposes this motion, Viahart's opposition does not negate the existence of good cause. Courts in this District have consistently recognized that an attorney cannot be

compelled to continue a representation when the attorney-client relationship has broken down to the point that effective advocacy is impossible. Forcing Counsel to continue in these circumstances would disserve not only Counsel but also Viahart and the integrity of these proceedings.

### III. Counsel Has Complied with All Applicable Professional Obligations

Counsel has provided Viahart with reasonable advance written notice of this motion, explaining the grounds for withdrawal, advising the Client of the right to oppose the motion, and urging Viahart to seek substitute counsel promptly. Counsel has also informed Viahart of all pending deadlines of which Counsel is aware. Counsel is prepared to fulfill all remaining obligations under Rule 1.16(d) and (e).

**CONCLUSION**

For the foregoing reasons, Counsel respectfully requests that the Court enter an Order: (1) granting Counsel leave to withdraw as counsel of record for Viahart in the above-captioned action; (2) directing that Viahart be afforded at least 30 days from the date of the Order to retain new counsel; (3) staying all deadlines applicable to Viahart for the same period; and (4) granting such other and further relief as the Court deems just and proper.

Counsel also respectfully requests that, if the Court requires additional information regarding the grounds for withdrawal, the Court permit submission of a supplemental declaration under seal and for in camera review, consistent with Local Civil Rule 1.4.

Dated: May 18, 2026

Respectfully Submitted,

**SCALE LLP**

By: */s/ Jamie Wells*
Jamie Wells (admitted pro hac vice)
California Bar No. 290827
Charles A. Wallace (admitted pro hac vice)
Texas Bar No. 24110501
Sabina Schiller (admitted pro hac vice)
Maryland Bar No. 1212130095
548 Market Street, Suite 86147
San Francisco, CA 94104
Tel. (415) 735-5933
Fax. (415) 573-0983
jamie.wells@scalefirm.com
cwallace@scalefirm.com
sschiller@scalefirm.com

**COUNSEL FOR PLAINTIFF
VIAHART LLC**

## CERTIFICATE OF SERVICE

I certify that, on May 18, 2026, the foregoing document, together with the supporting Declaration of James Creedon, has been filed with the Clerk via the Court's ECF system and served on all counsel of record who are deemed to have consented to electronic service via the Court's NEF system or the registered users' e-mail accounts per Rule 5(b) and LR 5.2.

In addition, pursuant to Local Civil Rule 1.4, I caused a copy of the foregoing papers to be served upon Viahart LLC by email to its CEO Molson Hart at mike@viahart.com and also by certified mail to its registered agent, Mike Molson Hart, at 1321 Upland Drive #6481, Houston, TX 77043.

*/s/ Jamie Wells*
Jamie Wells