UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X
                        :

VIAHART, LLC,

               Plaintiff,

       v.

CREATIVE KIDS ONLINE, LLC; CREATIVE
KIDS FAR EAST, INC.; CREATIVE KIDS
ENTERPRISES, LLC; and CK ONLINE, LLC,

              Defendants.

———————————————————————— X

Case No. 1:20-cv-09943-GHW

**DECLARATION OF JAMES CREEDON
IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

I, James Creedon, declare pursuant to 28 U.S.C. § 1746 as follows:

1.   I am a Partner at Scale LLP ("Scale" or "the Firm"), I am former counsel of record for Plaintiff Viahart LLC ("Viahart" or the "Client") in the above-captioned action, and I remain involved in the attorney-client relationship with Viahart. I submit this declaration in support of the *Motion to Withdraw as Counsel* pursuant to Local Civil Rule 1.4. I have personal knowledge of the facts set forth here, except as otherwise noted.

2.   Scale has represented Viahart in this action since April 2024. The case is pending before this Court and has been the subject of related proceedings in the United States Bankruptcy Court for the Southern District of New York.

3.   Over the course of the past several months, a serious and irreconcilable breakdown in the attorney-client relationship has developed between Scale and Viahart, represented by its principal, Mike Molson Hart ("Mr. Hart"). The nature and full extent of the breakdown cannot be disclosed on the public record without risking the disclosure of privileged attorney-client communications. Scale is prepared to provide additional detail to the Court in camera and under seal if the Court determines that further disclosure is necessary to rule on this motion.

4.   On May 8, 2026, I sent an email to Mr. Hart advising him that the Bankruptcy Court had dismissed a second bankruptcy proceeding filed by Creative Kids, that this Court had a status update filing deadline of May 14, 2026, and requesting a call to discuss next steps in the litigation.

5.   Mr. Hart responded shortly thereafter, expressing significant grievances regarding the strategic direction and cost of the representation to date.

6.   I responded, acknowledged the concerns raised, expressed a desire to re-engage and work toward a resolution, and proposed a call between Mr. Hart and Scale's Managing Partner to address the Client's concerns directly.

7.   A call was thereafter held among Mr. Hart, Scale's Managing Partner, and me to discuss the state of the representation and attempt to identify a path forward. The parties' positions were not reconciled. I am not able to describe the substance of that discussion on the public record without disclosing privileged communications, but I am prepared to do so in camera if the Court wishes.

8.   Following that call, Mr. Hart sent a written communication confirming that he viewed separation as the appropriate path forward, but conditioning his consent to withdrawal on a substantial monetary payment from Scale to Viahart. Mr. Hart also stated that, absent such payment, he did not consent to Scale's withdrawal and raised a number of related objections.

9.   Counsel respectfully submits that Viahart's stated basis for opposing withdrawal — a monetary condition imposed on Scale — does not constitute a legally cognizable ground to compel continued representation. The financial demands and grievances expressed by Viahart reflect a fundamental and, in my view, irreparable divergence in the parties' respective understandings of the engagement that makes continued effective representation impossible.

10.   I am aware that a Court-ordered deadline to file a joint status letter is currently scheduled for Monday, May 18, 2026. Counsel will take all steps necessary to ensure that the Court and opposing counsel are notified of the pendency of this motion, and I have notified Viahart of this upcoming deadline.

11.   Upon receiving an order granting withdrawal, Scale will promptly provide a full written summary of pending deadlines and will cooperate fully in the transition to new counsel. I have communicated these commitments to Viahart and note that this case is currently stayed and has no deadlines other than the joint status letter being filed today.

12.   Viahart has been advised in writing of Counsel's intention to file this motion, of its right to oppose the motion, and of the importance of promptly retaining replacement counsel. Viahart's last known address is Mike Molson Hart, Viahart LLC, 1321 Upland Drive #6481 Houston, TX 77043. Viahart's email address of record is mike@viahart.com.

13.   As noted above, there are additional facts and circumstances that support this motion that Counsel is not in a position to describe on the public record without risking disclosure of privileged attorney-client communications. Consistent with Local Civil Rule 1.4 and the practice of this Court, Counsel respectfully requests leave to present those additional facts to the Court in camera and under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2026, in Prosper, Denton County, Texas

By: */s/ James H. Creedon*
James H. Creedon
jcreedon@scalefirm.com

– 2 –