Taft/

Two Alliance Center, 3560 Lenox Rd NE, Suite 2000
Atlanta, GA 30326
Tel: 404.233.7000 | Fax: 404.365.9532
taftlaw.com

**Philip George**
404.495.8476
PGeorge@taftlaw.com

October 14, 2026

**VIA E-FILING**
Hon. Gregory H. Woods
United States District Judge
500 Pearl Street
New York, New York 10007

**Re: Viahart, LLC v. Creative Kids Online LLC, et al.**
**Case No. 20-cv-09943-GHW**

Dear Judge Woods:

This letter is on behalf of Plaintiff Viahart, LLC ("Viahart") in the above-captioned matter. Viahart files this pre-motion letter pursuant to Rule 2(E) of Your Honor's Individual Rules of Practice in order to seek sanctions against Defendants Creative Kids Online, LLC, Creative Kids Far East, Inc., Creative Kids Enterprises, LLC, and CK Online, LLC (collectively, the "Defendants") due to their repeated violations of this Court's orders, including most recently this Court's September 8, 2026 Order [Dkt. 375].

Viahart requests that the Court: (1) issue contempt sanctions against Defendants; (2) enter a judgment requiring Defendants to immediately pay Viahart $22,257.79 in attorneys' fees, plus interest from October 1, 2025; (3) order Defendants to compensate Viahart for having to prepare this letter, the previous letter it filed on September 1, 2026 [Dkt. 372], and any subsequent motion, if necessary; (4) strike Defendants' counterclaim; and (5) allow Viahart to serve limited discovery on Defendants to test their claim that they cannot pay the attorneys' fees award, and to see whether they have transferred any assets.

On October 1, 2025, this Court entered a Memorandum Opinion and Order [Dkt. 313] requiring Defendants to pay Viahart $22,257.79 in attorneys' fees (the "Attorneys' Fees Award"). This related to Defendants' failure to comply with the Court's July 18, 2022 order compelling the production of discovery materials. [Dkt. 313 at 2]. The substance of this dispute has been ongoing for over four years.

After Defendants failed to pay the Attorneys' Fees Award for approximately eleven months, Viahart submitted a letter to this Court, and the Court again ordered Defendants pay Viahart, no later than September 29, 2026. [Dkt. 372, 375]. That day came and went, and Defendants have still

failed to pay the Attorneys' Fees Award.[1] Defendants have only conclusorily claimed that they cannot pay the award without submitting any proof.

A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.* 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). All of these factors are satisfied here.

Courts have the authority to sanction parties for failing to comply with their orders. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi) (listing range of sanctions for violations of discovery orders). Viahart requests that the Court strike Defendants' counterclaim. As stated above, Defendants have repeatedly failed to comply with this Court's orders, and striking pleadings is appropriate in such circumstances. *See, e.g.*, *Johnson v. Clearview AI, Inc.*, No. 23 Civ. 2441 (KPF), 2025 WL 1865220, at *5-*6 (S.D.N.Y. July 2, 2025).

Courts also routinely award attorneys' fees for having to enforce court orders. *See, e.g.*, *Chevron Corp. v. Donziger*, 990 F.3d 191, 201-06 (2d Cir. 2021). Viahart requests full reimbursement for work it has performed to repeatedly enforce the Court's orders.

Finally, Viahart also seeks limited discovery to: (i) test Defendants' assertion that it cannot pay the Attorneys' Fees award; and (ii) determine whether Defendants have transferred assets since this case has been pending. Defendants cannot simply ask Viahart and the Court to take their word for it that Defendants cannot satisfy the Attorneys' Fees Award.

I appreciate the Court's attention to this matter. Viahart believes the proposed relief is necessary to compensate Viahart, secure compliance with the Court's orders, and deter further violations. Please let me know if there are any questions I can address.

Respectfully,

*/s/ Philip George*
Philip George

---

[1] Defendants also failed to comply with other Court orders, including failing to comply with deadlines to submit trial exhibits and deadlines to submit a letter detailing the statements by Viahart that Defendants allege are defamatory. [Dkt. 330, 334, 343].